**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ORBIT ONE COMMUNICATIONS, INC.,
DAVID RONSEN,

      Plaintiffs/Counterclaim Defendants,

      -against-

NUMEREX CORP.,

      Defendant/Counterclaim Plaintiff.

Civil Action No. 08-CV-0905 (LAK)


**ANSWER AND DEFENSES**


**Document Electronically Filed**


Plaintiffs/Counterclaim Defendants Orbit One Communications, Inc. and David Ronsen (collectively, the "Plaintiffs") by its attorneys, for its Answer and Defenses to the Counterclaims of Numerex Corp. ("Defendant"), allege as follows:

**ANSWER TO COUNTERCLAIMS**

1.     Plaintiffs admit the first four sentences in paragraph 1. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the fifth sentence in paragraph 1. Plaintiffs deny the allegations set forth in the sixth sentence in paragraph 1. Upon information and belief, Plaintiffs admit the last sentence in paragraph 1.

2.     Plaintiffs admit the first two sentences in paragraph 2. Plaintiffs deny the allegations set forth in the third sentence in paragraph 2, except admit that most of Old Orbit One's business came from it contract with Stratix.

3.     Plaintiffs deny the allegations set forth in paragraph 3, but aver that 2006 was Orbit One's most profitable year and that Stratix was Orbit One's largest customer, and deny knowledge or information sufficient to form a belief as to the accuracy of the percentages set forth therein.

20543/2

4.      Plaintiffs deny the allegations set forth in the first sentence in paragraph 4, but aver that Ronsen informed Defendant that Old Orbit One was developing a replacement for the T3 product. Plaintiffs admit the second and third sentences in paragraph 4, but aver that while the transaction was being negotiated, the SX-1 was substantially complete. Plaintiffs deny the allegations set forth in the last sentence in paragraph 4, but aver that at the time of the closing, Old Orbit One was prepared to launch the SX-1 and had indeed prepared the marketing materials and press releases announcing the launch of the product, but Defendant requested Old Orbit One not to launch the product until after the closing.

5.      Plaintiffs deny the allegations set forth in the first sentence in paragraph 5, but aver that Ronsen stated that it is difficult to project with any degree of certainty what Old Orbit One's sales will be looking forward each year. Plaintiffs deny the remaining allegations set forth in paragraph 5.

6.      Plaintiffs deny the allegations set forth in the first sentence in paragraph 6, but aver that Orbit One, with the input and assistance of Defendant, jointly prepared several drafts of a detailed set of financial projections. Plaintiffs deny the allegations set forth in the second sentence in paragraph 6, but aver that Plaintiffs and Defendant jointly developed detailed information about the T3 and SX-1; to the extent the allegations contained in paragraph 6 purport to characterize what was contained in these projections, the documents speak for themselves, and Plaintiffs deny any characterizations inconsistent therewith. Plaintiffs deny the allegations set forth in the third sentence in paragraph 6, but aver that the projections were the joint work product of Plaintiffs and Defendant. Plaintiffs deny the allegations set forth in the last sentence in paragraph 6.

7.      Plaintiffs deny the allegations set forth in paragraph 7.

8.      Plaintiffs deny the allegations set forth in paragraph 8, but admit that Old Orbit One and Defendant entered in the Asset Purchase Agreement (the "APA") as of July, 31, 2007.  To the extent the allegations contained in paragraph 8 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

9.      Plaintiffs deny the allegations set forth in paragraph 9, but aver that although Ronsen was to serve as "President of NMRX's Orbit One division" pursuant to the Severance and Non-Competition Agreement, he was never given this position by Defendant.  To the extent the allegations contained in paragraph 9 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

10.     Plaintiffs deny the allegations set forth in the first sentence in paragraph 10, but aver that the Business Plan was jointly-developed by Plaintiffs and Defendant and was supposed to be attached to the APA as Schedule 1.6, but inadvertently was not attached.  To the extent the allegations contained in the second sentence in paragraph 10 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.  Plaintiffs deny the allegations set forth in the last sentence in paragraph 10, but aver that the Earnout Matrix, which was attached to the APA as Exhibit B, specified certain financial targets.

11.     To the extent the allegations contained in paragraph 11 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith, but aver that such allegations are legal conclusions to which no response is required.

12.      To the extent the allegations contained in paragraph 12 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith, but aver that such allegations are legal conclusions to which no response is required.

13.      To the extent the allegations contained in paragraph 13 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith, but aver that such allegations are legal conclusions to which no response is required.

14.      To the extent the allegations contained in paragraph 14 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith, but aver that such allegations are legal conclusions to which no response is required.

15.      To the extent the allegations contained in paragraph 15 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith, but aver that such allegations are legal conclusions to which no response is required.

16.      To the extent the allegations contained in paragraph 16 purport to characterize financial projections made by Plaintiffs, Plaintiffs respectfully refer the Court to such projections and aver that the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

17.      To the extent the allegations contained in paragraph 17 purport to characterize financial projections made by Plaintiffs, Plaintiffs respectfully refer the Court to such projections and aver

that the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

18.    To the extent the allegations contained in paragraph 18 purport to characterize financial projections made by Plaintiffs, Plaintiffs respectfully refer the Court to such projections and aver that the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

19.    Plaintiffs deny the allegations set forth in paragraph 19.

20.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.    Plaintiffs admit the first sentence in paragraph 21. Plaintiffs deny the allegations set forth in the second sentence of paragraph 21, except admit that there were some delays regarding the delivery of completed SX-1 units. Plaintiffs admit the third sentence in paragraph 21. Plaintiffs deny the allegations set forth in the last sentence in paragraph 21, except admit that the launch of the SX-1 did not occur until October 2007.

22.    Plaintiffs deny the allegations set forth in the first sentence in paragraph 22. Plaintiffs admit the second sentence in paragraph 22. Plaintiffs deny the allegations set forth in the third sentence in paragraph 22, but aver that Ronsen informed Defendant that he might be able to sell 20,000 STX units. Plaintiffs deny the allegations set forth in the last sentence of paragraph 22, except admit that Defendant's senior management approved the payment for the 20,000 STX units.

23.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.     Plaintiffs deny the allegations set forth in the first sentence in paragraph 24, but aver that Stratix reduced the size and scope of its contract for T3 services.  Plaintiffs deny the remaining allegations set forth in paragraph 24 and respectfully refer the Court to the Stratix agreement for information relating to monthly revenue.

25.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, because "Ronsen's projections" is a vague, ambiguous, and undefined term.

26.     Plaintiffs deny the allegations of paragraph 26, except admit that Ronsen was aware of the terms of the APA and other agreements between Plaintiffs and Numerex.  To the extent the allegations set forth in paragraph 26 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA and the Severance and Non-Competition Agreement, the documents speaks for themselves, and Plaintiffs deny any characterizations inconsistent therewith.

27.     Plaintiffs deny the allegations set forth in paragraph 27.

28.     To the extent the allegations contained in paragraph 28 purport to characterize the contents of the e-mail, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

29.     Plaintiffs admit the allegations contained in paragraph 29.

30.     Plaintiffs admit the allegations set forth in the first sentence in paragraph 30.  Plaintiffs respectfully decline to respond to the allegations set forth in the second sentence of paragraph 30 that purport to describe attorney client communications and/or  work product.

31.     Plaintiffs deny the allegations set forth in paragraph 31, respectfully refer the Court to the October 5 letter, which speaks for itself, and respectfully decline to respond to the allegations set

forth in paragraph 31 that purport to describe attorney client communications and/or work product.

32.     Plaintiffs deny the allegations set forth in paragraph 32, and respectfully refer the Court to the October 5 letter, which speaks for itself.

33.     Plaintiffs deny the allegations set forth in paragraph 33, respectfully refer the Court to the e-mail alluded to in paragraph 33, which speaks for itself, and aver that Ronsen objected to the improper and materially inaccurate press releases prepared by Defendant without his input.

34.     Plaintiffs admit the first sentence in paragraph 34.  Plaintiffs deny the allegations set forth in the second sentence of paragraph 34.  Plaintiffs deny the allegations set forth in the last sentence of paragraph 34, but aver that the day before the executive retreat, Stratton Nicolaides, Defendant's CEO, promised to address the complaints raised in Ronsen's letter.

35.     Plaintiffs deny the allegations set forth in paragraph 35, except admit that calls between Ronsen and Defendant took place, although few, if any, resolutions were ever reached.

36.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.     To the extent the allegations contained in the first sentence in paragraph 37 purport to characterize Nicolaides' November 1st e-mail to Ronsen, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.  To the extent the allegations contained in the second sentence in paragraph 37 purport to characterize Ronsen's response to Nicolaides' November 1st e-mail, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.  Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence in paragraph 37.  To the extent the allegations contained in the fourth and fifth sentence in

paragraph 37 purport to characterize what Ronsen stated in the subject e-mail, the e-mail speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.  Plaintiffs deny the allegations set forth in the last sentence in paragraph 37, but aver that Ronsen said that it was possible to sell 2,000 SX-1 units by year end with additional support from Numerex.

38.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.    Plaintiffs admit the first sentence in paragraph 39.  Plaintiffs deny the allegations set forth in the second sentence in paragraph 39, but aver that Orbit One gave a presentation on December 19, 2007, which was jointly prepared by Orbit One and Defendant's Chief Operating Officer, Michael Marett, which stated, in part, that Defendant's breaches have and will continue to impact negatively sales of the SX-1 units.  Plaintiffs admit the third sentence in paragraph 39, but aver that prior to Ronsen's attempting to hand Nicolaides the letter, Nicolaides became verbally abusive to Ronsen and Ronsen's staff.  With respect to the last two sentences in paragraph 39, Plaintiffs respectfully refer the Court to the subject letter, which speaks for itself, and deny any characterizations inconsistent therewith.

40.    Plaintiffs admit the allegations contained in paragraph 40.

41.    Plaintiffs deny the allegations set forth in paragraph 41.

42.    Plaintiffs deny the allegations set forth in paragraph 42.

43.    Plaintiffs deny the allegations set forth in the first sentence in paragraph 43, and respectfully refer the Court to the Business Plan, which speaks for itself.  Plaintiffs deny the allegations set forth in the second and third sentences in paragraph 43.  Plaintiffs deny the allegations set forth in the fourth sentence in paragraph 43, except admit that the positions were not filled.  Plaintiffs deny the allegations set forth in the last two sentences in paragraph 43.

44.    Plaintiffs deny the allegations set forth in the first sentence in paragraph 44. Plaintiffs deny the allegations set forth in the second sentence in paragraph 44, except admit that Defendant agreed to purchase the 20,000 SX-1 units. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third and fourth sentences in paragraph 44. Plaintiffs deny the allegations set forth in the last two sentences in paragraph 44.

45.    Plaintiffs deny the allegations set forth in the first sentence in paragraph 45, but aver that Ronsen submitted a budget for the 2008 calendar year in compliance with the Earn Out. Plaintiffs deny the allegations set forth in the second and third sentences in paragraph 45. With respect to the fourth sentence in paragraph 45, Plaintiffs respectfully refer the Court to the subject budget, which speaks for itself, and deny any characterizations inconsistent therewith. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence in paragraph 45. Plaintiffs deny the allegations set forth in the last sentence in paragraph 45, but aver that Ronsen had a good faith belief in projected sales of 31,000 SX-1 units, provided that Defendant honored its contractual obligations.

46.    Plaintiffs deny the allegations set forth in the first sentence in paragraph 46. With respect to the allegations set forth in the last two sentences in paragraph 46, Plaintiffs respectfully refer the Court to the APA, which speaks for itself, and deny any characterizations inconsistent therewith.

47.    Plaintiffs deny the allegations set forth in the first sentence in paragraph 47. Plaintiffs deny the allegations set forth in the last two sentences in paragraph 47, but aver that Ronsen sent the e-mail to his boss, the President of the Satellite Division, who, upon information and belief, conferred with Nicolaides, who ultimately approved Ronsen's request.

48.     Plaintiffs deny the allegations set forth in the first sentence in paragraph 48. Plaintiffs deny the allegations set forth in the second sentence in paragraph 48, except admit that Ronsen's boss gave him verbal approval, and Ronsen sent an e-mail requesting confirmation. Plaintiffs deny the allegations set forth in the last sentence in paragraph 48.

49.     Plaintiffs deny the allegations set forth in the first sentence in paragraph 49, except admit that Ronsen's boss provided confirmation. Plaintiffs admit the second sentence in paragraph 49. Plaintiffs deny the allegations set forth in the last sentence in paragraph 49, but aver that Defendant sent the amount required under Schedule 1.3(a)(iii).

50.     Plaintiffs deny the allegations set forth in paragraph 50.

51.     Plaintiffs deny the allegations set forth in paragraph 51.

52.     Plaintiffs deny the allegations set forth in paragraph 52, and insofar as those allegations purport to characterize the terms of the APA the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

53.     Plaintiffs deny the allegations set forth in paragraph 53.

54.     Plaintiffs repeat and reallege each and every preceding response as if fully set forth herein.

55.     Plaintiffs aver that the allegations set forth in paragraph 55 are legal conclusions to which no response is required.

56.     Plaintiffs deny the allegations set forth in paragraph 56.

57.     Plaintiffs deny the allegations set forth in paragraph 57.

58.     Plaintiffs deny the allegations set forth in paragraph 58.

59.     Plaintiffs deny the allegations set forth in paragraph 59.

60.     Plaintiffs deny the allegations set forth in paragraph 60.

61.     Plaintiffs deny the allegations set forth in paragraph 61.

62.     Plaintiffs repeat and reallege each and every preceding response as if fully set forth herein.

63.     Plaintiffs deny the allegations set forth in paragraph 63.

64.     Plaintiffs deny the allegations set forth in paragraph 64.

65.     Plaintiffs deny the allegations set forth in paragraph 65.

66.     Plaintiffs repeat and reallege each and every preceding response as if fully set forth herein.

67.     Plaintiffs deny the allegations set forth in paragraph 67.

68.     To the extent the allegations contained in paragraph 68 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

69.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence in paragraph 69.  Plaintiffs deny the allegations set forth in the last sentence in paragraph 69, except admit that the dispute has not been resolved, and aver that no legal action has been taken by either party and all contractual and delivery obligations have been met by both parties.

70.     To the extent the allegations contained in paragraph 70 purport to characterize Plaintiffs' and Defendant's rights and obligations under the APA, the document speaks for itself, and Plaintiffs deny any characterizations inconsistent therewith.

71.     Plaintiffs repeat and reallege each and every preceding response as if fully set forth herein.

72.     Plaintiffs admit paragraph 72.

73.     Plaintiffs admit the first sentence in paragraph 73.  Plaintiffs deny the allegations set forth the second sentence in paragraph 73.  Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentences in paragraph 73.

74.     Plaintiffs deny the allegations of the first sentence of paragraph 74, except to the extent they consist of legal conclusions that require no response.  Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 74.

75.     Plaintiffs deny the allegations of paragraph 75, except to the extent that those allegations consist of legal conclusions that require no response.

## DEFENSES

### FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrines of estoppel, implied consent, and/or acquiescence.

### THIRD DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of implied and/or express waiver.

### FOURTH DEFENSE

Defendant's claims are barred by the doctrines of unclean hands, *in pari delicto*, and/or other principles of equity.

## FIFTH DEFENSE

Defendant's claims are barred, in whole or in part, by Defendant's prior material breach of the APA and Severance and Non-Competition Agreement.

## SIXTH DEFENSE

To the extent that Defendant is entitled to any payment pursuant to any claim or demand for relief in this action, Plaintiffs are entitled to a set off in the amounts due to Plaintiffs pursuant to Plaintiffs' claims.

## SEVENTH DEFENSE

Plaintiffs reserve the right to assert additional affirmative defenses as may become apparent during the course of discovery in this matter.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

(a)    judgment in Plaintiffs' favor dismissing all of Defendant's counterclaims with prejudice and denying each and every prayer for relief contained therein;

(b)    Plaintiffs' attorneys' fees, costs, and expenses in this action;

(c)    such other and further relief as the Court deems just in the circumstances.

**LOWENSTEIN SANDLER PC**

By:    _/s/_____
        John J.D. McFerrin-Clancy (JM-C 6937)
        1251 Avenue of the Americas
        New York, NY 10220
        (212) 262-6700
        *Attorneys for Plaintiffs*

Dated:  March 31, 2008

-13-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ORBIT ONE COMMUNICATIONS, INC., DAVID RONSEN, | Civil Action No. 08-CV-0905 (LAK) |
| Plaintiffs/Counterclaim Defendants, | |
| -against- | **CERTIFICATE OF SERVICE** |
| NUMEREX CORP., | |
| Defendant/Counterclaim Plaintiff. | |

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on March 31, 2008, I caused a true and correct copy of Plaintiffs' Answer and Defenses to be served via ECF and via electronic mail upon Kent A. Yalowitz, Esq. and Brandon H. Cowart, Esq., at the firm of Arnold & Porter LLP, 399 Park Avenue, New York, NY 10022-4690.

_/s/_____
John J.D. McFerrin-Clancy

20543/2