```
UNITED STATES DISTRICT COURT                  (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ORBIT ONE COMMUNICATIONS, INC.,       : 08 Civ. 0905 (LAK) (JCF)
and DAVID RONSEN,                     :
                                      :       MEMORANDUM
   Plaintiffs/Counterclaim Defendants :       AND   ORDER
                                      :
      - against -                     :
                                      :
NUMEREX CORP.,                        :
                                      :
  Defendant/Counterclaim Plaintiff    :
                                      :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This case involves the alleged breach of an earn out agreement. On July 31, 2007, Orbit One Communications, Inc. ("Orbit One") and its principal, David Ronsen, sold substantially all of Orbit One's assets to Numerex Corp. ("Numerex"). A significant portion of the purchase price was deferred and made contingent on the financial performance of Numerex's Satellite Division, which had received Orbit One's assets. When that performance fell short of agreed-upon benchmarks, Orbit One and Mr. Ronsen did not receive the earn out payments. Accordingly, they filed the instant action, alleging that Numerex breached the agreement by engaging in conduct that frustrated the ability of the Satellite Division to meet projected targets.

The plaintiffs have now moved by letter dated July 25, 2008 to quash a subpoena issued to Galusha, Higgins & Galusha, P.C. ("Galusha"), the corporate accountant for Orbit One, for several of Mr. Ronsen's other businesses, and for Mr. Ronsen personally. The subpoena sought six categories of documents which effectively

include all documents relating to any audit or review performed by Galusha for Orbit One or Mr. Ronsen, including work papers and tax returns. Based on discussions among counsel, the request has now been narrowed to exclude documents concerning work performed for Mr. Ronsen personally or in connection with businesses other than Orbit One. Nevertheless, the plaintiffs continue to object to the scope of the subpoena, arguing that it seeks irrelevant, confidential, and duplicative information and that compliance would be unduly burdensome. None of these objections has merit.

A key issue in this litigation is causation: was the inability of Numerex's Satellite Division to meet the earn out milestones the result of its failure to comply with its contractual obligations or some other factor? Numerex contends that the targets were simply unrealistic, and Orbit One's past performance is highly germane to that issue. The requested documents are, in turn, central to evaluating that track record.

Numerex did, of course, receive substantial documentation of Orbit One's performance during the due diligence review that it conducted in connection with the asset sale. But that does not render the requested information less relevant. And, while much of the information sought from Galusha may already be known to Numerex, there is likely at least some unique data in the possession of the accountants.

The plaintiffs' objection based on confidentiality is equally unpersuasive. Orbit One has not identified with specificity any category of information except for tax returns that might be

entitled to protection as confidential. This is not surprising, since the requested information relates to assets that it has already sold to Numerex. As for the tax returns, Numerex has made a sufficient showing of need to overcome the quasi-privilege that attached to such documents. See Rahman v. Smith & Wollensky Restaurant Group, No. 06 Civ. 6198, 2007 WL 152117, at *7 & n.5 (S.D.N.Y. May 24, 2007).

Finally, any burden related to responding to the subpoena will fall on Galusha, not the plaintiffs. As a non-party, however, Galusha is entitled to be protected from undue expense, and Numerex shall therefore indemnify Galusha for the costs incurred in responding to the subpoena.

Conclusion

For the reasons set forth above, the plaintiffs' motion to quash the subpoena issued to Galusha is denied, and Numerex shall pay any costs incurred by Galusha in responding.

SO ORDERED.

_JAMES C. FRANCIS IV_ (signature)
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         August 12, 2008

Copies mailed this date:

John D. McFerrin-Clancy, Esq.
Lowenstein Sandler PC
1251 Avenue of the Americas
New York, New York 11020

Matthew R. Savare, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jerssey 07068

Brandon H. Cowart, Esq.
Kent A. Yalowitz, Esq.
Arnold & Porter, LLP
399 Park Avenue
New York, New York 10022