UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORBIT ONE COMMUNICATIONS, INC., and DAVID RONSEN,<br><br>      Plaintiffs,<br><br>- against -<br><br>NUMEREX CORP.,<br><br>      Defendant. | 08-CV-0905 (LAK) (JCF) |
| NUMEREX CORP.,<br><br>      Plaintiff,<br><br>-against-<br><br>SCOTT ROSENZWEIG and GARY NADEN,<br><br>      Defendants. | 08-CV-6233 (LAK) (JCF) |

### CORRECTED DECLARATION OF KENT A. YALOWITZ IN SUPPORT OF NUMEREX CORP.'S MOTION FOR RETURN OF STOLEN DOCUMENTS AND SANCTIONS

Kent A. Yalowitz declares under penalty of perjury:

1.  I am member of the law firm of Arnold & Porter LLP, counsel for Numerex Corp. in the above-captioned actions. I submit this declaration in support of Numerex Corp.'s Motion for Return of Stolen Documents and Sanctions and to certify my good faith efforts to resolve the dispute at issue without the need of the Court's intervention.

2.  On July 24, 2008, I participated in a telephonic conference call with Matthew Savare, counsel for plaintiffs Orbit One Communications, Inc. and David

Ronsen. The purpose of the call was to confer regarding the plaintiffs' objections to Numerex's first set of document requests. During this call, Mr. Savare and I discussed, among other matters, plaintiffs' objection to producing documents not in their custody or in the custody of Numerex. I asked Mr. Savare if this objection meant that David Ronsen had in his possession information which he had copied while employed by Numerex. Mr. Savare stated that he did now know the answer to my question but would investigate the matter and would provide a follow up response. My letter of July 24 summarizing our call is attached hereto as Exhibit A.

3. By letter dated August 4, Mr. Savare responded to matters left open from our July 24 conference call. *See* Cowart Decl., Ex. 7. In this letter, Mr. Savare disclosed that Mr. Ronsen had copied and then removed information from Numerex's server. On August 5, 2008, I reviewed the August 4 letter and then responded by letter that day. *See* Cowart Decl. Ex. 8. In my letter, I informed Mr. Savare that Mr. Ronsen had taken this information without Numerex's approval or even awareness of his actions. I requested that Lowenstein Sandler cease reviewing the information and that the information be returned.

4. In response to my letter, on August 6, 2008, Mr. Savare wrote that plaintiffs would not return the misappropriated information, information which they have deemed to be "presumptively privileged." Cowart Decl. Ex. 20. Subsequently, I participated in a telephonic conference call with Mr. Savare on August 6 in an unsuccessful attempt to resolve the dispute. A summary of our meeting is set forth in my August 8 letter to Mr. Savare. Cowart Decl. Ex. 9.

5.  On August 13, 2008, counsel for plaintiffs, John McFerrin-Clancy, wrote to me reiterating plaintiffs' refusal to return all information removed by Mr. Ronsen. Mr. McFerrin-Clancy agreed to abide by Mr. Savare's earlier representation that plaintiffs' counsel would cease examining the disputed materials until the Court has resolved the dispute.

6.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
September 2, 2008.

_____
KENT A. YALOWITZ

Exhibit A

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent_Yalowitz@aporter.com

212.715.1113
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

July 24, 2008

Matthew Savare
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1792

Re:   *Orbit One Communications, Inc. and David Ronsen v. Numerex Corp.*

Dear Matt:

This summarizes our discussion of today concerning plaintiffs' responses and objections to Defendant's request for the production of documents.

1. **Lowenstein Documents.** I understand that Plaintiffs will produce documents out of the files of Lowenstein, Sandler.

2. **Letter of Intent.** I understand that Plaintiffs will produce documents responsive to Requests 8, 9, and 11, relating to the Letter of Intent.

3. **Stratix.** I understand that in response to Requests 40, 41, and 42, Plaintiffs will produce documents as follows: (a) for documents created after August 1, 2007, plaintiffs will produce all responsive, non-privileged documents; (b) for documents created before August 1, 2007, plaintiffs will limit their search and production to responsive, non-privileged documents relating to the FEMA contract.

4. **Time-Frame.** I suggested that Plaintiffs consider producing documents in response to Requests 30 and 31 created on or after January 1, 2004.

5. **Bulk Collection of Orbit One Documents.** In light of General Objection No. 3, asked you to advise me whether Plaintiffs have a bulk collection of documents copied from Orbit One's servers. If so, we can address whether this should be produced.

6. **GHG.** We had a discussion about the documents subject to the subpoena served on GHG, as well as Request No. 14 to plaintiffs. I asked you to consider (a) the provision of the APA that transfers all files and documents of Old Orbit One to Numerex, (b) the fact that the HJ firm produced documents stating that it relied on information and documents provided by GHG, and (c) the fact that the GHG documents relate to the financial statements attached to and incorporated into the APA, which documents appear responsive to Request No. 1. Please let me know of Plaintiffs' position on these documents.

## ARNOLD & PORTER LLP

Matthew Savare
July 24, 2008
Page 2

7. **Retainer Agreement.** I asked you to consider whether Plaintiffs will withdraw their objection to Request 47 and produce the Lowenstein retainer letter.

With regard to 1, 2, and 3, above, please advise me if I have it wrong.

With regard to 4-7, above, please provide the Plaintiffs' position at your earliest convenience.

Best regards,

Kent A. Yalowitz

cc:  Andrew J. Ryan
     Brandon H. Cowart