John J.D. McFerrin Clancy
Matthew Savare
**LOWENSTEIN SANDLER P.C.**
1251 Avenue of the Americas
New York, NY 10020
212.262.6700
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ORBIT ONE COMMUNICATIONS, INC.,** **DAVID RONSEN,** *Plaintiffs,* -against- **NUMEREX CORP.,** *Defendant.* | Civil Action No. 08-CV-0905 (LAK) **DECLARATION OF** **SCOTT ROSENZWEIG** |

Pursuant to 28 U.S.C. §1746, Scott Rosenzweig, under penalty of perjury, hereby declares:

1. I am a former employee of Numerex, in its satellite division, and a shareholder and former employee of Orbit One Communications, Inc. ("Orbit"). I make this declaration based on my own personal knowledge in support of the motion by Orbit and David Ronsen for summary judgment and judgment on the pleadings.

2. While employed by Orbit, I became familiar with Orbit's contract with Stratix, Inc., which was Orbit's largest customer. In particular, I was aware that Orbit's contract (actually called, "**SUBCONTRACT NO.: TAV1(b)OO-07-001**") was subject to renewal in late 2007 for calendar year 2008 services. Stratix tendered a purchase commitment to Numerex for the extension of the contract, both verbally and in writing, on or about December 18, 2007. Stratix tendered a formal written purchase order on January 6, 2008. Numerex needed to accept the purchase order as soon as possible in order to continue the subcontract.

3. At Orbit, Mr. Ronsen had the authority to accept such a purchase order, and to bind the company to contracts. At Numerex, Mr. Ronsen did not have that authority. Rather, the decision had to be made by Mike Marett, the president of Orbit One Communications LLC, the Numerex-owned entity into which Orbit's assets were placed when Numerex acquired them.

4.  I was traveling on business with Mr. Marett and Gary Naden on January 8, 2008. When we arrived for our meeting with a potential customer, a company called @Road, Mr. Marett stated that he would stay in the car in order to place telephone calls while Mr. Naden and I attended the meeting. Immediately following the meeting, Mr. Marett told me that he had had a telephone conversation with Stratton Nicolaides, the CEO of Numerex, about the purchase order from Stratix and that Mr. Nicolaides had approved the purchase order.

5.  I declare under penalty of perjury that the foregoing is true.

Dated: August 22, 2008
       Bozeman, Montana

                                                          _____
                                                          Scott A. Rosenzweig