**Sandler**
ATTORNEYS AT LAW

John J.D. McFerrin-Clancy
Member of the Firm
Tel 646 414 6910
Fax 973 422 6897
jmcferrin-clancy@lowenstein.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/08

October 29, 2008

**MEMO ENDORSED**

VIA HAND DELIVERY
The Honorable James C. Francis IV, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1960
New York, NY 10007

Re:   **Orbit One Communications, Inc., David Rosen v. Numerex Corp.**
      **Civil Action No.: 08-0905 (LAK)**

Dear Magistrate Judge Francis:

This firm represents Plaintiffs, Orbit One Communications, Inc. ("Orbit One") and David Ronsen ("Ronsen"), collectively, the "Plaintiffs," in the above-referenced action. We are in receipt of Defendant's Reply Memorandum of Law in support of its Motion for Return of "Stolen Documents" and Sanctions (the "Reply") and of Defendant's October 23, 2008 letter to the Court concerning a recently-decided case. We write to seek leave to file, on or before November 13, 2008, a sur-reply of twelve (12) pages in response to new arguments raised in the Reply and the recent case provided to the Court and relied upon by Defendant in its October 23rd letter. In the alternative, we respectfully request that the Court strike the factual allegations raised by Defendant for the first time in the Reply, as they are beyond the scope of the issues raised in the moving and opposition briefs.

The Reply makes no fewer than twelve new factual allegations[1] that Defendant concedes it did not raise in its moving brief[2] and relies upon four new declarations[3] of current Numerex employees in favor of compelling Mr. Ronsen to return to Defendant certain documents and files. All of these new allegations and the factual averments in the declarations were either known to or should have been known by Defendant at the time it filed its moving papers. These new "facts" are, at best, overstated and in certain circumstances simply false. In any event, they are relevant to the disposition of the pending motion, thus warranting a response.

For example, in Paragraph 6 of his Declaration, Mr. Dingman claims that he "never advised any employees, including Mr. Ronsen, to remove business related e-mails and data from the

---

[1] See Reply at p. 2-3.
[2] See Reply at p. 2: "Since filing this motion, we have continued our investigation into Ronsen's conduct. Here is what we have learned so far."
[3] The declarations are from Stephen Black, Stratton Nicolaides, Byron Webb, and Christopher Dingman.

Lowenstein Sandler PC                                                www.lowenstein.com

Reply.   1251 Avenue of the Americas  New York, New York 10020  Tel 212 262 6700  Fax 212 262 7402
         65 Livingston Avenue  Roseland, New Jersey 07068  Tel 973 597 2500  Fax 973 597 2400

Satellite Division servers as part of this archiving process." This statement is factually incorrect, and Plaintiffs have evidence demonstrating its falsity. Similarly, in Paragraph 9 of his Declaration, Mr. Dingman avers that he "never assisted or advised Mr. Ronsen on how to remove business information from the servers and was not aware of him doing so." Again, this statement is incorrect, as Mr. Dingman knew exactly what Mr. Ronsen was doing and what files he was copying.

Furthermore, Defendant mischaracterizes the nature of the materials in question. As an initial matter, the vast majority of the files that Mr. Ronsen archived (well over ninety percent) were not e-mails or documents; they were MP3 music files. In addition, the vast majority of the remaining files were either unrelated to Orbit One[4] or concerned Orbit One business that was expressly carved out of the asset sale and thus not transferred to Defendant.[5]

Defendant simply ignores the fact that Plaintiffs have already returned to Numerex the April 2008 batch of documents – which always remained on Defendant's servers – and offered on more than one occasion to return the non-privileged documents archived in December 2007. Defendant has rejected this proposal without providing any rationale. Instead, in an obvious attempt to paint Mr. Ronsen as a disgruntled employee committed to spoiling evidence, Defendant seeks to compel by way of the instant motion that which Plaintiffs have already offered – but have been instructed by Defendant not – to produce.

In light of the foregoing, we respectfully request that the Court grant Plaintiffs leave to file a short sur-reply to address these new factual allegations and to respond to the new case relied upon by Defendant. In the alternative, we respectfully request that the Court strike the new factual allegations contained in the Reply

Respectfully submitted,

John J.D. McFerrin-Clancy /MA

John J.D. McFerrin-Clancy

20543/2
10/29/08 10109042 1

cc: Matthew Savare, Esq.
Kent A. Yalowitz, Esq. (via e-mail)
Brandon Cowart, Esq. (via e-mail)

*Handwritten annotation:* 10/31/08 Application denied as moot in light of the Memorandum and Order issued today. SO ORDERED. James C. Francis IV USMJ

---

[4] As noted in Plaintiffs' Opposition, Mr. Ronsen used his laptop for his other businesses and for personal matters.
[5] Pursuant to Paragraph 6 of Schedule 1.1(b) of the Asset Purchase Agreement (the "Excluded Assets"), the parties expressly excluded Orbit One's satellite telephone business from the transaction.

**Lowenstein Sandler**
ATTORNEYS AT LAW