```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 7/23/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ORBIT ONE COMMUNICATIONS, INC., et ano.,

               Plaintiffs,

-against-                                     08 Civ 0905 (LAK)

NUMEREX CORP.,

               Defendant.
------------------------------------x
NUMEREX CORP.,

               Plaintiff,

-against-                                     08 Civ. 6233 (LAK)

SCOTT ROSENZWEIG, et al.,

               Defendants.
------------------------------------x
GARY NADEN, et al.,

               Plaintiffs,

-against-                                   08 Civ. 11195 (LAK)

NUMEREX CORP.,

               Defendant.
------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Numerex's motion for reconsideration [docket item 185] of the Court's July 9, 2009 order is denied.

      A motion for reconsideration is not an occasion for rearguing a previously decided

2

motion on the basis of evidence available to the party before the earlier motion was decided but not brought to the Court's attention in connection with that motion. To the contrary, S.D.N.Y. Civ. R. 6.3 makes clear that a motion for reconsideration is appropriate only to bring to the Court's attention "matters or controlling decisions which counsel believes the court has overlooked." As Numerex effectively concedes that the matters upon which it relies in support of its motion were not included it its papers, there is no basis for reconsideration.

To be sure, the Court is mindful of Numerex's claim that the summary judgment motion resolved by the July 9, 2009 order was filed before Numerex obtained the materials upon which it now relies. But it concededly had that material before the motion was decided and has no excuse for its failure either to withdraw or to seek leave to supplement the then pending motion.

The Court is aware also that Numerex subsequently has made another motion for summary judgment, this second motion evidently including the materials at issue here. The Court will deal with that motion, including any contention that the July 9, 2009 order is the law of the case, in due course.

SO ORDERED.

Dated: July 23, 2009

Lewis A. Kaplan
United States District Judge